```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                              :   CIVIL ACTION
JAMES MARKHORST               :   NO. 06-2345
                              :
         Plaintiff,           :
                              :
    v.                        :
                              :
                              :
RIDGID, INC.                  :
                              :
         Defendant.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              March 30, 2007

Before the Court is Plaintiff's Motion to Amend Complaint (doc. no.'s 13, 14). A decision on this motion turns on whether One World Technologies, Inc., who Plaintiff seeks to add as a defendant, received timely notice of this action. Because the Court finds that One World did not receive timely notice, Plaintiff's motion will be denied.

I.   PROCEDURAL BACKGROUND

Plaintiff James Markhorst ("Markhorst") originally brought this products liability action in the Philadelphia Court of Common Pleas, on the eve of the relevant statute of limitations, against Ridgid, Inc. ("Ridgid"). He alleges he sustained physical injuries while operating a compound miter saw that he believed to be "manufactured, designed, sold and/or

distributed" by Ridgid.

Because the allegedly defective saw contained the name "Ridgid" on it, Markhorst initiated this action by suing Ridgid. On February 23, 2006, an employee of Markhorst's attorneys called a toll free number represented to be "the Ridgid Power Tool Service Line." She asked for the address of Ridgid, Inc. and was provided an address in Anderson, South Carolina. Markhorst served Ridgid with a writ of summons at that address, by certified mail, on the eve of the relevant statute of limitation.

On June 2, 2006, Ridgid removed the case to this Court and then answered Markhorst's Complaint. In its answer, Ridgid denied that engages in the design, sale, manufacture, or distribution of any tool. In fact, Ridgid merely owns the trademark "Ridgid," and One World is the manufacturer and seller[1] of the compound miter saw that caused Markhorst's injury. Ridgid merely licenses One World's corporate parent to manufacture the saw, who in turn provides those licensing rights to One World. In other words, One World is the proper defendant in this products liability action.[2]

---

[1] One World actually "sources" the miter saw from other manufacturers in other countries and then distributes the saw here in the United States.

[2] In the context of a products liability action, the "plaintiff must establish that the injuries sustained were caused by the product of a particular manufacturer or supplier." Payton v. Pennsylvania Sling Co., 710 A.2d 1221, 1225-1226 (Pa.Super. 1998).

On September 12, 2006, Markhorst filed a Motion for Leave to Amend Complaint (doc. no. 14) to add One World as a defendant.  The Court granted Markhorst leave to take discovery on the issue of whether One World received actual or constructive notice of the institution of this action within the 120-day period for service of the summons and complaint prescribed by the Federal Rules of Civil Procedure (doc. no. 19).  The Court instructed Markhorst to file supplemental briefing in support of his motion.

Markhorst did not file supplemental briefing as ordered by the Court.  Instead, he waited until January 24, 2007, the day before a hearing on his motion, to provide his supplemental briefing.[3]  At the hearing on January 25, 2007, the Court provided One World ten days to submit supplemental briefing in response to Markhorst's late briefing.

## II.   PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Generally, the two-year statute of limitations for a tort action under Pennsylvania law begins to accrue when the injury is sustained.  <u>Moyer v. United Dominion Indus.</u>, 473 F.3d 532, 547 (3d Cir. 2007).  Markhorst alleges that he was injured

---

[3] The briefing was originally due by December 26, 2006. The parties agreed to extend Markhorst's deadline for filing briefing until January 14, 2007.  However, Markhorst incorrectly calendared January 25, 2007, the date of the hearing on his motion, as the new deadline to submit briefing.

on February 24, 2004.  Markhorst filed this action by Writ of Summons, on February 24, 2006, exactly two years after his alleged injury.  Whether or not the relevant statute of limitations bars Markhorst's claims against One World has now become the fulcrum upon which this case is balanced.[4]

Markhorst requests that his proposed amended complaint relate back to the original Complaint pursuant to Federal Rule of Civil Procedure 15(c) – and the date that this action was originally instituted – thereby preserving the statute of limitations and allowing his claims against One World to proceed.

A.   Actual or Constructive Notice to One World

The Third Circuit has explained that Rule 15(c) requires three conditions be met for an amended complaint seeking to substitute a newly named defendant to relate back to the original complaint for statute of limitations purposes.

> [A] plaintiff must show that: (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party

---

[4] The issue of whether the statute of limitations bars Markhorst from suing One World is not squarely before the Court at this stage, but it clearly is the concern that animates Markhorst's seeking to amend his original complaint rather than simply initiating a separate suit against One World.

-4-

>     sought to be added knew that, but for a
>     mistake concerning his or her identity, he or
>     she would have been made a party to the
>     action.

Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003) (citing Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186 (3d Cir. 2001).  Plaintiff bears the burden of establishing the requirements of 15(c).  See Childs v. City of Phila, No. 99-615, 2000 WL *3 (E.D. Pa. May 9, 2000) (Reed, J.) ("It is the plaintiff who bears the burden of proof for the requirements of Fed. R. Civ. P. 15(c)(3)."); Wine v. EMSA Ltd. Partnership, 167 F.R.D. 34, 38 (E.D. Pa. 1996) (Robreno, J.); Richardson v. John F. Kennedy Memorial Hospital, 838 F. Supp. 979, 987 (E.D. Pa. 1993) (Padova, J.).

      Here, it is undisputed that Markhorst's claims against One World arise from the same transaction as Markhort's original Complaint.  Moreover if One World actually received timely notice of Markhorst's suit, it knew or should have know that suit should have been brought against it, as the manufacturer of the compound miter saw, instead of Ridgid.  The only remaining inquiry, then, is whether One World received appropriate notice within the 120-day time limit.

      In the Third Circuit, the notice required by Rule 15(c) can be actual or constructive.  See Garvin, 354 F.3d at 223-227; Singletary 266 F.3d at 196-200.  Where a plaintiff chooses to rely on constructive notice to satisfy the requirements of Rule

15(c)(3), he or she can demonstrate such notice either through the "shared attorney" method or the "identity of interest" method.  Id.

    1.   Actual Notice

Markhorst has not shown actual notice.  He contends that the fact that this "lawsuit eventually found its way to Ridgid" is sufficient evidence that One World "knew of the lawsuit before it passed it along to Ridgid."  Pl.'s Brf. at 5.  However, Marhorst has demonstrated only that someone at One World's office in South Carolina signed for receipt of the writ of summons and then forwarded it to Ridgid.  Thereafter, all communication and pleadings were directed to counsel for Ridgid.  Markhorst has not even shown that anyone at One World read the writ before forwarding it to Ridgid.  Although given the opportunity through discovery, he did not even depose the One World agent that signed the certificate of receipt of the writ.[5]

---

[5] In any event, under the Pennsylvania Rules of Civil Procedure, a writ of summons need only notify a defendant that an action has been commenced against it by the plaintiff.  See Pa. R.C.P. §§ 1007, 1351.  Markhorst has not attempted to argue that the, had One World read the writ of summons, it would have been provided with "fair notice of the general fact situation and legal theory upon which the amending party proceeds."  Bensel v. Allied Pilots Assoc., 387 F.3d 298, 310 (3d Cir. 2004)).

### 2. Shared Attorney Method

Markhorst has also not met his burden by establishing that One World received constructive notice through the shared attorney method. In the shared attorney method, a plaintiff may demonstrate constructive notice by showing that there was "some communication or relationship" between the attorney for the named defendants and the parties sought to be added as defendants prior to the expiration of the 120-day period for service of the summons and complaint. See Garvin, 354 F.3d at 225; Singletary, 266 F.3d at 196-97.

Here, Robert Burgos, the general counsel of One World's parent, first testified at his deposition that he believed that Ridgid may have been represented by the same counsel as One World Technologies. Ridgid's counsel, however, interjected that she did not believe that she ever represented One World "per se." Burgos then testified that he did not know if One World's counsel had ever represented Ridgid "specifically." Burgos Dep. at 20-21. In the end, it was left unsettled whether One World's counsel had ever represented Ridgid, much less within the 120-day period for service of the summons and complaint.

Donald J. Puglisi, a corporate designee for Ridgid, further testified that, Tim Luft, counsel to both Ridgid and Emerson Electric, informed him by telephone of the lawsuit against Ridgid. There was no testimony as to whether Tim Luft

had ever represented both Ridgid and One World.  Puglisi Dep. at 30-31.

Given that the evidence as that One World's attorney represented Ridgid within 120 days of the filing of the complaint is conflicting and, at best, in equipoise, Markhorst has failed to carry his burden on the issue of shared counsel.

### 3. Identity of Interest Method

Finally, Markhorst has not shown constructive notice through the identity of interest method.  The identity of interest method requires a plaintiff to demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference that notice was actually received by the parties sought to be added as defendants during the relevant time period. Garvin, 354 F.3d at 227; Singletary, 266 F.3d at 197-200.  As Judge Schwartz of the District of Delaware noted:

> The identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced....
> The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar

> names or share office space, past and present
> forms of the same enterprise, or co-executors
> of an estate.

Sorrels v. Sears, Roebuck & Co., 84 F.R.D. 663, 667 (D. Del. 1979) (citing Jimenez v. Toledo, 604 F.2d 99, 102 (1st Cir. 1979).

Ridgid and One World do not fit into any of the above described categories. They are not parents or subsidiaries of one another. Ridgid, Inc. is a wholly owned subsidiary of the Ridge Tool Company, which is in turn a subsidiary of Emerson Electric Company. One World, on the other hand, is a wholly owned subsidiary of Technotronic Industries North America, Inc.

The two corporations are not related. Rather, the evidence shows that they and their corporate parents deal with each other as distinct corporate entities. Ridgid is a holder of intellectual property and trademarks that it licenses out to various licensees. A licensing agreement exists between Emerson, Ridgid's parent, and Technotronic, One World's parent. One World also provides customer service under a contract with Emerson for certain products manufactured by Emerson.

Moreover, even if Ridgid and one World were related, the two corporations do not share office space. Although Ridgid answered in its complaint that it had an address in Anderson South Carolina, discovery proved otherwise. Ridgid is located in Newark, Delaware. One World is located in Anderson, North

Carolina.  Ridgid's corporate designee, Mr. Puglisi, testified that Ridgid has has no relationship with the address in Anderson, North Carolina.

Finally, there is no evidence that the two corporations share any officers, directors, or any other personnel.  In fact, Mr. Puglisi testified that prior to hearing of the instant lawsuit, he had never even heard of One World at all.  Puglisi Dep. at 36.  Cf. In re Convertible Rowing Exerciser Patent Litig., 817 F. Supp. 434, 442 (D. Del. 1993) (finding no identity of interest where an unincorporated subsidiary had different management as the original named defendant).

Markhorst has failed to show that One World was timely provided actual or constructive notice of Markhorst's suit.  His motion to amend will be denied.

B.   Mistake by Reason of Misleading Statements

Markhorst also argues that One World is the cause of his mistakenly suing Ridgid and therefore should be added as a defendant to this action.  He explains that he mistakenly believed that Ridgid manufactured the compound miter saw in question because the name "Ridgid" is present on the saw's guard, on a bag on the saw which catches sawdust, and on a plate which bears the serial number of the saw and specifically states that it is a "Ridgid Power Tool."  Markhorst contends that, as a

result, One World knew or should have known that potential plaintiffs bring suit against Ridgid instead of One World.

      Markhorst's second argument has no merit.  Courts have noted that "[w]here a potential defendant misleads a plaintiff into thinking that another party should be sued, that defendant should not be able to claim surprise at its being brought into the action."  <u>Sorrels</u>, 84 F.R.D. at 667.  Here, however, Markhorst has not shown that One World intentionally mislead him.  The first sentence on the back page of Markhorst's Owner's Manual, which he attaches to his motion to amend, clearly discloses that One World is the manufacturer of the compound miter saw.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                              :   CIVIL ACTION
JAMES MARKHORST               :   NO. 06-2345
                              :
       Plaintiff,             :
                              :
   v.                         :
                              :
                              :
RIDGID, INC.                  :
                              :
       Defendant.             :
```

### ORDER

**AND NOW,** this **30th** day of **March, 2007,** it is hereby ordered that Plaintiff's Motion for Leave to Amend Complaint (doc. no.'s 13, 14) is **DENIED.**

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**
